LAW LIBRARY

NO. 28045

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO
CLERK. APPELLATE COURTS
STATE OF HAWAI'I
2010 MAR 25 AM 8: 17
FILED

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TUAN QUOC NGUYEN, Defendant-Appellant
(FC-CR. NO. 06-1-1110)

and

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TUAN QUOC NGUYEN, Defendant-Appellant
(FC-CR. NO. 05-1-1925)

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Tuan Quoc Nguyen (Nguyen) appeals from the June 22, 2006 judgment of conviction entered in the Family Court of the First Circuit (family court).[1] Nguyen was convicted of two counts of Violation of Order of Protection, a misdemeanor under Hawaii Revised Statutes (HRS) §§ 586-5.5 and 586-11(a)(1)(A) (2006), and one count of Terroristic Threatening in the Second Degree, a misdemeanor under HRS § 707-717(1) (1993). Nguyen appeals only the terroristic threatening conviction. His sole argument is that the evidence is insufficient to establish that a statement he made to his estranged wife and her male friend outside a courtroom where they were going to testify against him amounted to a "true threat."

Upon careful review of the record and having given due consideration to the arguments advanced by the parties, as well as the relevant law, we resolve Nguyen's appeal as follows:

The standard of review on appeal for sufficiency of the evidence is substantial evidence. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

---

[1] The Honorable Patrick W. Border presided.

> [S]ubstantial evidence [i]s credible evidence which is of
> sufficient quality and probative value to enable a person of
> reasonable caution to support a conclusion.  It is
> well-settled  that an appellate court will not pass upon
> issues dependent upon the credibility of witnesses and the
> weight of the evidence; this is the province of the trier of
> fact.

State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999)
(internal quotation marks, citations, and brackets in original
omitted; block quote format changed).

Nguyen's threat amounted to a true threat, one that is
"beyond the pale of [constitutionally] protected vehement,
caustic and unpleasantly sharp attacks" because it "is so
unequivocal, unconditional, immediate and specific as to the
person threatened, as to convey a gravity of purpose and imminent
prospect of execution."  State v. Chung, 75 Haw. 398, 416-17, 862
P.2d 1063, 1072-73 (1993) (internal quotation marks and brackets
in original omitted) (quoting United States v. Kelner, 534 F.2d
1020, 1026-27 (2nd Cir. 1976).

Here, Nguyen's threat was unequivocal, unconditional,
immediate, and specific as to the person threatened.  Nguyen
specified the intended recipient when he prefaced his threat by
referring to his estranged wife as the prostitute and her male
friend as "the jerk."  The friend testified that he did not
believe Nguyen was joking, nor did Nguyen place a condition on
the threat.  The translations of Nguyen's statement offered at
trial differed slightly,[2] but all indicated that Nguyen
threatened a severe beating, conveying his "gravity of purpose"
or, in other words, that Nguyen "meant it."  State v. Valdivia,
95 Hawai'i 465, 478 n.6, 24 P.3d 661, 674 n.6 (2001).

Although a true threat requires "imminent prospect of
execution," this prospect can be established by showing that the

---

[2]  According to the interpreter for Nguyen's estranged wife, who
witnessed the alleged threat, Nguyen said in Vietnamese, "[A] prostitute, a
jerk.  Fuck your mother.  I'm going to beat you up until your mother die.
[sic]"  The estranged wife testified Nguyen said, "One hooker and one jerk .
. . . And, and I'm going to kill -- I -- miss your mother die. . . .  I want
to beat you guys up or something like that."  The male friend testified that
Nguyen said, "[A] prostitute and a jerk.  I beat you all up till your mother
die, something like that."

defendant possessed "the apparent ability to carry out the threat." Valdivia, 95 Hawai'i at 477, 24 P.3d at 673 (internal quotations marks, citation, and emphasis omitted). Nguyen's ability to carry out the threat can be inferred from the male friend's testimony that he feared for his safety and well-being. See In re M.S., 896 P.2d 1365, 1375 (Calif. 1995) ("A person who, in making a threat of violence, displays the apparent ability to carry out the threat ordinarily will also reasonably tend to induce fear of such violence in the victim.") The male friend said that he felt that Nguyen might harm him soon, although he did not think that Nguyen was "going to try to attack . . . at that moment." The interpreter, who witnessed the alleged threat, also testified that she was afraid, especially in light of the fact that Nguyen was in court on an alleged protective order violation. If the family court found the witnesses' testimony to be credible, the family court could conclude that fear of Nguyen was reasonable and, consequently, that Nguyen had the apparent ability to carry out his threat.

Viewing the evidence in the light most favorable to the prosecution, substantial evidence was adduced on the attendant circumstances necessary to uphold Nguyen's conviction for terroristic threatening.

Therefore, the June 22, 2006 judgment of conviction entered by the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 25, 2010.

On the briefs:

Karen T. Nakasone,
Deputy Public Defender,
for Defendant-Appellant.

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge